IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 14-00468-CG-B |
| | ) |
| EDWIN J. SPENCE, | ) |
| EDWIN J. SPENCE, JR., | ) |
| PORT II SEAFOOD OYSTER | ) |
| BAR, INC., | ) |
| GULF COAST STEAMER, INC., | ) |
| and | ) |
| THE SHRIMP BASKET, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is Plaintiff's Motion for Leave to Add Additional Named Plaintiffs (Doc. 25). Plaintiff requests to convert five opt-in plaintiffs to named plaintiffs. For the reasons explained below, the Court finds that Plaintiff's motion to amend is due to be granted in part and denied in part.

## BACKGROUND

This case arises from a complaint which alleges that Defendants violated the Fair Labor Standards Act (FLSA) by denying the plaintiff her lawful wages.[1] (Doc. 1). In their answer, Defendants deny any violation of the FLSA. (Doc. 7 pp. 2 - 3). Defendants admit that Edwin J. Spence owned the Port II Seafood & Oyster Bar, the Shrimp Basket, and Gulf Coast Steamer.

---

[1] FLSA, 29 U.S.C. §201 et seq.

1

(Doc. 7, p. 1). Defendants also admit that the plaintiff was a server and occasional bartender at Port II Seafood & Oyster Bar (operating as "Mikee's Seafood") from March 2013 to December 2013. (Doc. 7, p. 2).

On November 19, 2014, Plaintiff filed a Motion for Conditional Certification along with sworn declarations and consent forms of two opt-in plaintiffs, Richard Boyett and Rebeka Norwood. (Doc. 11, Exh. 1). The filing also included two opt-in consent forms, but no sworn declarations, from James Franks and Darla Bezerra.(Doc. 11-5, Doc. 11-6).

On January 14, 2015, Plaintiff moved to amend the complaint to add additional plaintiffs. (Doc. 25). Included in the motion were five signed consent forms from the opt-in plaintiffs, Richard Boyett, Rebeka Norwood, James Franks, Darla Bezerra and Amber Race. (Doc. 25, Exh. A). The Plaintiff seeks to convert these five opt-in plaintiffs to named plaintiffs.

On January 22, 2015, Defendants filed a response opposing the motion to amend. (Doc. 28). Defendants argue that the transactions and occurrences amongst the Plaintiff and the five individuals are not substantially similar because they all worked at different restaurants, at different times, with different managers and job duties. (Doc. 28 p. 3). The Court now considers Plaintiff's motion to amend.

## DISCUSSION

**A. FRCP Rule 15(a)**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). The Eleventh Circuit recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted). That said, leave to amend can be properly denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

There is no indication of any bad faith or dilatory motive on the part of the movants, and the amendment does not appear to be futile. In this case, for the Court to deny the request, the amendment must result in undue prejudice to the opposing party. Defendant asserts that allowing the additional plaintiffs will result in "the same unmanageable situation that the

3

Court should avoid by denying conditional certification." (Doc. 28 p. 2). A hypothetical unmanageable situation for the Court does not demonstrate any type of undue burden to the Defendants themselves. However, in this case, prejudice may arise from the joinder of some of these opt-in plaintiffs without adequate evidence of how their case relates to the named plaintiff. Therefore, the Court must also consider joinder rules.

**B. FRCP 20 (a)(1)**

Federal Rule of Civil Procedure 20 (a)(1) concerns the permissive joinder of plaintiffs to an action. Although the plaintiff does not discuss this rule in her motion (Doc. 25), Defendants argue that the addition of the proposed plaintiffs violates joinder rules. (Doc. 28, pp. 2 -6). The relevant language of Rule 20 is plain and unambiguous:

> Persons may join in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> Fed.R.Civ.P. 20(a)(1).

Courts are encouraged to entertain "…the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, (1966). "Rule 20 permits 'the joinder of a person who has some interest

4

in an action ..., even when that interest is not so strong as to require his joinder' under Rule 19." Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009) (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 299 (3d Cir. 1980)).

Defendants assert that the additional plaintiffs are not similarly situated because they did not work at the same restaurants. (Doc. 28 pp. 4 – 6). However, after reviewing the Defendants' opposition to Plaintiff's Motion for Conditional Certification, it does appear that the restaurants are similar. While the ambience of each location may vary, all three locations have the same owner and at each of these locations servers were paid $2.13 per hour plus tips with a requirement of donating between one and a half and two percent to a tip pool. (Doc. 24 pp. 4 – 10). Furthermore, at each restaurant, opt-in and named plaintiffs allege they performed tasks off-the-clock -- time for which they were not paid. (Doc. 11).

This Court will allow the addition of the opt-in plaintiffs who are clearly similarly situated to the named Plaintiff Jessica Miller. The Court will deny the addition of opt-in plaintiffs for which there is not enough evidence to indicate a similar series of events or transactions.

   **1. Richard Boyett**

Included in the Motion for Certification (Doc. 11) is a sworn declaration from Mr. Richard Boyett concerning his experience while working at Mikee's in Gulf Shores. (Doc. 11-2). Mr. Boyett and Ms. Miller both worked at the Gulf Shores Mikee's and their declarations about employment are very

similar. Mr. Boyett worked as a server and later, a manager for about a year and a half. (Doc. 11-2, p.1). Both Mr. Boyett and Ms. Miller were paid a starting salary as servers of $2.13/hour plus tips. They also allege that the Defendants required them to contribute a certain percentage of their tips to a pool for non-tip employees. Finally, both Ms. Miller and Mr. Boyett claim the Defendants required them to work without pay before they clocked in and after they clocked out. The Court is not ruling on the merits of these allegations, but rather noting the similarities between the parties' allegations.  Because the claims arise from similar transactions, Mr. Richard Boyett may be named as a plaintiff.

    **2. Rebeka Norwood**

Included in the Motion for Certification (Doc. 11) is a sworn declaration from Ms. Rebeka Norwood concerning her experience while working the Shrimp Basket. (Doc. 11-1). Ms. Norwood worked as a server at three Shrimp Basket locations for about a year. (Doc. 11-1, p.1). While Ms. Norwood did not work at Mikee's like Ms. Miller and Mr. Boyett, her allegations against the Defendants are extremely similar. Like Ms. Miller, she was paid $2.13 per hour plus tips and claims the Defendants required her to contribute to a tip pool with non-tipped employees and work unpaid time before she clocked-in and after she clocked out. (Doc. 11-1, p. 2 – 4). Though Ms. Norwood worked at a different restaurant, the allegations are substantially similar to those of the named Plaintiff and therefore, Ms. Norwood may be named as a plaintiff

in this action. Again, the Court is not ruling on the merits of these allegations.

### 3. Darla Bezerra, James Franks and Amber Race

The claims of Darla Bezerra, James Franks and Amber Race are not as clearly aligned with those of the Plaintiff. Rather than providing declared, sworn statements, Plaintiff merely filed "opt-in" consent forms for Ms. Bezerra, Mr. Franks and Ms. Race. (Doc. 25-5, Doc. 25-6, Doc. 25-7).

These forms are not sworn declarations and are not notarized. (Doc. 25-5, Doc. 25-6, Doc. 25-7). Mr. Franks' and Ms. Race's forms, though completed in the entirety, do not provide enough information about their shifts and required duties to indicate claims arising from a series of similar transactions as required by FRCP 20(a)(1).

Furthermore, Ms. Bezerra's form is not complete. (Doc. 25-5). Ms. Bezerra wrote the Defendants paid her $2.13 per hour, but did not write at what location(s) she worked for seven years. Ms. Bezerra also did not indicate whether she was forced to participate in a tip pool with non-tipped employees, a central element to the Plaintiff's FLSA claims. (Doc. 25-5).

Even applying the "broadest scope of action" standard, there is not enough information provided to indicate that these three opt-in plaintiffs' claims arise from the similar series of facts as those of the Plaintiff, Ms. Miller. United Mine Workers of Am. v. Gibbs, 383 U.S. at 724. Therefore, the

Court **DENIES** the addition of opt-in plaintiffs Ms. Bezerra, Mr. Franks and Ms. Race as named plaintiffs.

Accordingly, Plaintiff's motion to amend the complaint (Doc. 25), is **GRANTED**, in part, to add Mr. Boyett and Ms. Norwood as named plaintiffs and **DENIED**, in part, as to adding Ms. Bezerra, Mr. Franks and Ms. Race.

**DONE** and **ORDERED** this 10th day of March, 2015.

                                          /s/ Callie V. S. Granade
                                 **UNITED STATES DISTRICT JUDGE**