IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA MILLER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 14-0468-CG-B |
| EDWIN J. SPENCE, et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the joint motion to approve settlement filed by the three named Plaintiffs, all fifty-three[1] Opt-In Plaintiffs named therein and Defendants Edwin J. Spence, Edwin J. Spence, Jr., Port II Seafood & Oyster Bar, Inc. ("Mikee's"), Gulf Coast Steamer, Inc. ("Steamer"), The Shrimp Basket, Inc., Spence Enterprises, Inc., and Shrimp Basket of Orange Beach, Inc. (collectively referred to herein as "Defendants"). (Doc. 113).  The parties jointly agree and assert that they engaged in good faith, arm's-length negotiation of a bona fide dispute and have reached a reasonable and fair resolution of Plaintiffs' FLSA claims. (Doc. 113, p. 14). For the reasons stated below, the Court finds that the proposed settlement is a fair and reasonable settlement of a bona fide dispute under the FLSA. However, the Court finds that the parties have not provided enough

---

[1] Opt-In Plaintiff Cindy Yarborough (Doc. 92-3) was outside the three-year statute of limitations and was dismissed from this action by joint stipulation of the parties. (Docs. 114, 116, 117).

information for this fourt to determine the reasonableness of their proposed payment of attorneys' fees and costs.  Accordingly, Plaintiff will be ordered to file an amended motion or an affidavit providing sufficient documentation to support and allowance of reasonable attorneys' fees and costs.

## I.  FACTUAL BACKGROUND

The Plaintiffs brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA") and the collective action provision of the Act found at § 216(b), for equitable and declaratory relief and to remedy alleged violations of the wage provisions of the FLSA by Defendants. (Doc. 67).  Defendants allegedly willfully deprived Plaintiffs of their lawful wages.  The named Plaintiffs worked as servers for the Defendant restaurants and sought to recover unpaid compensation in the form of unpaid wages and overtime owed to the Plaintiffs and all similarly situated tipped servers by Defendants.  Plaintiffs alleged that they were not paid the federally mandated minimum wage due to a portion of their tips being contributed to a tip pool that included non-tipped employees, such as food expeditors.  Plaintiffs further alleged that they performed non-tip related and non-tip producing activities for Defendants for which they are owed compensation and were not paid for all hours they worked.  Plaintiffs sought the difference between the Federal minimum wages and the reduced tipped minimum wage in addition to liquidated damages and attorneys' fees

and costs.  Defendants deny Plaintiffs' allegations and further deny that plaintiffs are entitled to unpaid wages and overtime.  Specifically, Defendants deny Plaintiffs were required to contribute to an invalid tip pool, deny Plaintiffs were engaged in non-tip-related or non-tip producing duties for which they were owed compensation, and denied that Plaintiffs worked hours for which they were not paid.

Notice was sent to all current and former servers employed at Mikee's, Steamer, and Shrimp Basket restaurants in Orange Beach, Gulf Shores, and Foley, Alabama, between November 19, 2011 and November 19, 2014.  Fifty-three individuals filed consent to join forms and became Opt-In Plaintiffs.

## II.  STATEMENT OF THE LAW

The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and employees.  <u>Lynn's Food Stores v. United States Dept. of Labor</u>, 679 F.2d 1350, 1352 (11th Cir. 1982).  An employee's claim for back wages under the FLSA may be compromised in only two ways: (1) with payment in full of back wages, supervised by the Secretary of Labor, with the employee giving up a right to sue for unpaid wages and liquidated damages; or (2) by stipulated judgment entered by a court in an FLSA action brought against the employer, entered after the court has "scrutiniz[ed] the settlement for fairness."  <u>Id.</u> at 1352–53.

The court may approve a settlement that presents a reasonable compromise over issues that are actually in dispute with regard to pending FLSA claims.  Id.  Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  Silva v. Miller, 307 Fed. App'x 349, 351 (11th Cir. 2009) (unpublished opinion) (citing Lynn's Food Stores, 679 F.2d at 1352).  Counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between a plaintiff and his counsel, or otherwise.  See id.  Furthermore, a court should be mindful of the strong presumption in favor of finding a settlement fair. Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).

## III.  REVIEW OF THE PROPOSED SETTLEMENT

The Defendants provided each Plaintiff with records of their clock in and clock out times, the days worked and the dates of food expeditor shifts. Wage calculations were made based on those figures and additional time was added for alleged under-reporting of food expeditor time and for time spent working off the clock.  The parties jointly agree and assert that they engaged in good faith, arm's-length negotiation of a bona fide dispute and have reached a reasonable and fair resolution of Plaintiffs' FLSA claims. (Doc. 113, p. 14).  The parties have agreed to the following settlement amounts:

4

| | | |
|---|---|---|
| ABRAMS | COURTNEY | $ 10,061.33 |
| ALFANAS | OLGA | $ 12,439.16 |
| BARRETT ARNOLD | KRISTIE | $    699.07 |
| BIDDLE | JEREMY | $  1,641.86 |
| BLACKWELL | CINDY | $  4,405.02 |
| BLACKWELL | BREE | $  1,800.00 |
| BOBO | JAMACIA | $ 845.67 |
| BOWER | JENNIFER | $  4,834.09 |
| BOYETTE | RICHARD | $ 11,326.11 |
| BOYINGTON | MATT | $  5,220.88 |
| BROWN | ROMANA | $  1,665.05 |
| CAGLE | JACQUELINE | $  7,934.89 |
| CARAWAY | REGINA | $  2,285.09 |
| CATTANEO | PATRICIO | $  3,180.21 |
| COOPER | RAVEN | $  2,146.67 |
| COX | AMANDA | $ 10,511.11 |
| DALRYMPLE | BRANDY | $  5,750.15 |
| DOZIER | TABITHA | $  6,472.43 |
| DUBE | MICHELLEE | $  6,906.40 |
| DUNBAR | JULIA | $  3,740.71 |
| EMERSON | MARCI | $  2,128.89 |
| FERREIRA | KAILA | $    316.41 |
| FISHER | AMBER | $    506.97 |
| FRANKS | JAMES | $  8,804.39 |
| GARDNER | TYRA | $  4,755.17 |
| GILHEART | JOANNE | $  3,538.61 |
| GROVER | KRISTEN | $    391.59 |
| HALL | SHANA | $  3,102.83 |
| HAMMONTREE | KELSEY | $  1,303.06 |
| HARRIS | NEJLA | $  2,750.27 |
| HOLT | MICHELLE | $     31.05 |
| HUBBARD | TAWNEY | $    861.43 |
| JONES | VICTORIA | $  3,966.63 |
| JORDAN THOMPSON | KIMBERLY | $    226.74 |
| KNAPP | JAMIE | $  2,431.90 |
| LONGO BEZZRA | DARLA | $  6,531.92 |
| MCABE | JOANNE | $    760.60 |
| MILLER | JESSICA | $ 17,940.37 |
| MOSS | ASHTON | $  2,861.49 |
| MURRAY | COLBY | $    964.65 |
| NELSON | VICTORIA | $    197.49 |
| NORMAN | JULIA | $  1,798.90 |
| NORWOOD | REBEKA | $  6,175.69 |

| PRINCE | DANIELLE | $ 2,672.33 |
|---|---|---|
| RACE | AMBER | $ 3,865.15 |
| RICH | JESSICA | $ 8,360.10 |
| SINGH | ANEGLINA | $ 6,200.61 |
| SOWER | SONYA | $ 3,933.46 |
| STACY | RHODA | $ 5,341.70 |
| STAPLETON | BRITTANY | $ 5,868.77 |
| STRINGER | MEGAN | $ 785.99 |
| TOBIAS | CAMERON | $ 1,733.53 |
| VETTER | LAURA | $ 2,952.29 |
| VOGEL | MARIE | $ 14,991.67 |
| VOUCHOK | MARYNA | $ 4,174.23 |
| WILLIAMS | CHRISTOPHER | $ 8,233.76 |
| | | Total: $ **245,326.54** |

Additionally, class representatives, Jessica Miller, Richard Boyette and Rebecca Norwood are to receive incentive compensation of $5,000.00 each for their participation in this action because they faced substantial risks by participating in the lawsuit and incurred actual expenses and lost wages during litigation.  The proposed incentive payments to each named Plaintiff did not diminish the amount any settlement class member would receive under the formulas used to calculate individual settlement amounts.  Thus, the total amount to be received by Plaintiffs is $260,326.54.

The parties have further agreed that Defendant shall pay $130,000.00 in attorneys' fees and costs. (Doc. 113, p. 15).  The parties state that attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiffs. (Doc. 113, p. 14).  Counsel reports that the amount for attorneys' fees and costs was not discussed until after Defendants had

agreed to pay Plaintiffs $260,326.54 as settlement for their individual claims. (Doc. 113, p. 15).

The Court finds that the proposed payment of back wages, liquidated damages and class representative incentive payments are in fact a fair and reasonable settlement of a bona fide dispute under the FLSA. Lynn's Food Stores, 679 F.2d at 1354. Accordingly, the Court proceeds to an analysis of the proposed payment of attorneys' fees.

### IV.  REVIEW OF ATTORNEYS' FEES

The starting point in setting any attorney's fee is determining the "lodestar" figure — that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly-situated attorneys in the community. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also, Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. After calculating the lodestar fee, a court should then proceed with an analysis of whether any portion of this fee should be adjusted upwards or downwards. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565–66 (1986); see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987); Hensley, 461 U.S. at 433–34. Redundant, excessive, or otherwise unnecessary hours should not be

included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Norman, 836 F.2d at 1299.

The party requesting fees has the burden of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate for the work performed by his attorneys. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 ("[T]he 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation and quotation marks omitted)).

In the instant case, although Plaintiffs and Defendants agree that the attorneys' fees amount is reasonable, that does not exonerate the Court from its duty to determine and allow a reasonable attorney's fee. Silva v. Miller, 307 Fed.Appx. 349, 352 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount

8

the wronged employee recovers under a settlement agreement."). The parties have provided no supporting documentation regarding the hours expended or the hourly rate charged and have not even indicated what portion of the requested $130,000.00 is for compensation of costs. Because the parties have not provided the Court with any supporting information, the Court is without sufficient information to determine whether the attorneys' fees are reasonable. Accordingly, Plaintiff is ordered to provide the Court with sufficient documentation that it may utilize the lodestar method and determine the reasonableness of the proposed attorneys' fees and costs.

## V. CONCLUSION

The Court finds that the proposed payment to Plaintiffs in the total amount of $260,326.54 is a fair and reasonable settlement of a bona fide dispute under the FLSA. However, the Court also finds that the parties have not provided enough information for this Court to determine the reasonableness of their proposed payment of attorneys' fees and costs. Accordingly, Plaintiffs are ordered to file on or before **May 17, 2016**, an amended motion or an affidavit providing sufficient documentation to support an allowance of reasonable attorneys' fees and costs.

**DONE** and **ORDERED** this 3rd day of May, 2016.

/s/ Callie V. S. Granade  
SENIOR UNITED STATES DISTRICT JUDGE